In re the MARRIAGE OF Helen H. JORDAN and Ervin N. Jordan.

Upon the Petition of Helen H. JORDAN, Appellee,

And concerning Ervin N. JORDAN, Appellant.

No. 55440.

Supreme Court of Iowa.

Dec. 20, 1972.

Stewart, Wimer, Brennan & Joyce, Des Moines, for appellant.

Joseph Z. Marks, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

HARRIS, Justice.

The father appeals a decree awarding the mother custody of their son. We affirm.

The trial court entered a ruling November 1, 1971 dissolving the marriage of petitioner (Helen) and respondent (Ervin) and awarding custody of their nine year old son (Perry) to Helen. The trial court also specified a property division and ordered Ervin to pay child support. No appeal is taken from the order of dissolution so this appeal concerns only custody, property division and child support.

Evidence introduced was unusually vindictive even for a custody dispute where fitness is challenged. Perhaps the effort of Ervin to besmirch Helen was required by the nature of his claim. In any event we cannot accept his charges of misconduct.

At the time of trial Ervin had been in the same employment 13 years. It is agreed he has affection for Perry. He had a good relationship with his son, having taken him on a vacation shortly before the trial. A difficulty undoubtedly weighed by the trial court was Ervin's inclination to administer harsh corporal punishment. Fred McBride, Helen's son by a previous marriage, was a small child at the beginning of this marriage in 1955. From time to time Fred received what Ervin admits were whippings. Fred left the home at 16 to live with his maternal grandmother. Scott Jordan, the first child born of this marriage, left home without completing high school after experiencing some social difficulties and after having twice run away. We find both boys left because of the severe punishment inflicted by Ervin.

Helen has also been employed outside the home when her health permitted. In addition to routine criticisms of irritability Ervin charges her with misconduct which he claims illustrates her lack of fitness. He makes reckless and indiscriminate charges of infidelity. Such charges had been hurled rather consistently throughout much of the marriage. Lacking as they do any real proof they must be treated as lacking any substance.

Ervin's accusations at trial and on appeal against Helen's mother were not relevant to the issue of Helen's fitness. Neither were they established by the greater weight of the evidence. We give them no consideration.

I. "In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the trial court; but is not bound by them." Rule 344(f) 7, Rules of Civil Procedure. "In child custody cases the first and governing consideration of the courts must be the best interest of the child." Rule 344(f) 15, R.C.P. No legal issues are presented in this strictly factual dispute.

Our choices in awarding custody are limited to two. Helen favorably impressed the trial court as the proper person to whom Perry should be intrusted. She successfully defended herself against Ervin's quite reckless charges. No serious question is raised as to her adequacy as homemaker or as to her motherly care of Perry.

 The other choice is Ervin. Aside from his positive attributes as a provider and interested father only two things emerge from the record. His unusually harsh practices in administering corporal punishment have driven a stepson and a son from his home at too young an age. He is preoccupied with accusations of sexual misconduct on the part of Helen and her mother and cannot prove them. We subscribe to the view of the trial court and find Perry's best interest requires placement with his mother.

II. Ervin complains of the property settlement and of the allowance for child support. Both are influenced considerably by the award of custody we have upheld in division I. The trial court ordered $25 weekly child support. This is a modest requirement for one of Ervin's earning capacity ($9000.87 in 1969 and $9443.78 in 1970). A residence dwelling held by Ervin and Helen in joint tenancy was set aside for occupancy by Helen so long as she had custody of Perry and remained unmarried. The court ordered that when she no longer resided in the home, remarried or no longer had custody of Perry the house should be sold and the net proceeds divided equally between the parties. Helen was given her own household goods and furnishings and a 1965 Cadillac, the payments for which she was ordered to assume. Ervin was given a Chevrolet truck and camper, boat and motor, his personal clothing and effects. He was ordered to assume and pay the debts of the parties incurred prior to the filing of the petition as well as the house payments including principal, interest, taxes and insurance and $200 toward Helen's attorney's fees through the time of trial.

We find the trial court's allowances and awards fair and equitable.

III. Counsel for Helen filed an application for additional attorney's fees in the matter of this appeal. Without fixing the value of such services we find Ervin should be and he is ordered to pay $500 in addition to the amount allowed by the trial court toward the attorney's fees of counsel of record for Helen.

Affirmed.